UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE R. SALERNO,

        Petitioner,　　　　　　　　　**DECISION AND ORDER**

     -vs-　　　　　　　　　　　　　　　No. 01-CV-6204

JAMES BERBARY,

        Respondent.

## INTRODUCTION

Petitioner George R. Salerno ("Salerno") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Niagara County Court on one count of first degree sexual abuse. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 20, 1996, Salerno was arraigned on one count of sexual abuse in the first degree (N.Y. Penal Law § 130.65(3)). He pled guilty to one count of first degree sexual abuse on May 30, 1997, and was sentenced on July 15, 1997, to a term of imprisonment of one and one-half to four and one-half years.

On direct appeal, Salerno's appellate counsel argued that (1) petitioner's guilty plea was involuntary; (2) the facts recited at the plea colloquy raised the possibility of an affirmative defense of coercion; (3) the facts as recited in the colloquy did not fulfill a necessary element of the crime charged; and (4) the sentence was harsh and excessive. Salerno filed a *pro se*

supplemental brief in which he argued that (1) his waiver of his right to appeal was invalid; (2) the grand jury proceedings were defective because the prosecutor failed to present certain exculpatory evidence; and (3) trial counsel did not provide effective assistance during the plea process. Prior to his direct appeal being disposed of by the appellate division, Salerno filed two collateral motions to vacate the judgment pursuant to New York Criminal Procedure ("C.P.L.") Law § 440.10 in the trial court. Both motions were denied by the trial court on the grounds that the claims either were pending on appeal or could have been raised on direct appeal but unjustifiably were not. *See* N.Y. Crim. Proc. Law § 440.10(2)(b), (c). According to Salerno, the first C.P.L. § 440.10 motion was not appealed. Leave to appeal the second motion was denied.

Salerno's conviction was unanimously affirmed on direct appeal. *People v. Salerno*, 269 A.D.2d 830, 703 N.Y.S.2d 787 (App. Div. 4th Dept. 2000). The state court found that the record established that Salerno's waiver of the right to appeal was voluntary, knowing, intelligent, and enforceable, notwithstanding the lack of a sentence promise. *Id.* Leave to appeal was denied on July 21, 2000. *People v. Salerno*, 95 N.Y.2d 857, 736 N.E.2d 869, 714 N.Y.S.2d 8 (N.Y. 2000).

This habeas petition followed in which Salerno raises the following grounds for relief: (1) trial counsel was ineffective because he coerced petitioner into pleading guilty; (2) petitioner's guilty plea was based upon a coerced confession; (3) the guilty plea was involuntary; (4) the prosecutor did not present certain exculpatory evidence to the grand jury; and (5) petitioner was improperly excluded from a pre-trial conference.

At the outset, the Court notes that Salerno is no longer in state custody, having been released on January 7, 2002. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in

violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) (emphasis in original) and citing 28 U.S.C. § 2254(a)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

In the present case, Salerno filed his federal habeas petition on April 14, 2001. He was released from custody on January 7, 2002, having served the maximum on his sentence. Thus, because Salerno was incarcerated at the time he filed his habeas petition, he fulfills the "in custody" requirement of 28 U.S.C. § 2241, and the Court has jurisdiction to hear this case. Furthermore, the Court finds that Salerno's habeas petition has not been rendered moot by the fact that he has been released from prison. *See, e.g.*, *Sibron v. New York*, 392 U.S. 40, 55 (1968) ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'"). Thus, Salerno is entitled to have this Court consider his habeas petition on the merits.[1] Nevertheless, for the reasons set forth below, the petition is dismissed.

## DISCUSSION

Although the court has jurisdiction to consider Salerno's claims, federal habeas review is precluded on most of them due to Salerno's waiver of his appellate rights as part of his guilty plea. Ordinarily, "an intelligent and voluntary guilty plea waives a defendant's right to trial and

---

[1] A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994), *cert. denied*, 514 U.S. 1054 (1995). The exhaustion of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000) (citing *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991)). A claim is properly exhausted when the state court is fairly apprised of the claim's federal nature and of the factual and legal premises underlying the claim. *Grey*, 933 F.2d at 119-20. It appears that Salerno's claims are fully exhausted, and respondent makes no claim to the contrary.

all claims of constitutional infirmities in the prosecution, which could have been raised at trial." *United States ex rel. Newsome v. Malcolm*, 492 F.2d 1166 (2d Cir. 1974) (citing *Tollett v. Henderson*, 411 U.S. 258 (1973); *McMann v. Richardson*, 397 U.S. 759 (1970); *Brady v. United States*, 397 U.S. 742 (1970)).[2] The Supreme Court reaffirmed in *Tollett* that a guilty plea marks a "break in the chain of events" preceding it in the criminal law process. Thus, once a defendant admits in open court that he is guilty of the offense with which he is charged, he is precluded from subsequently raising any independent claims relating to the deprivation of constitutional rights that may have occurred *before* the entry of the guilty plea. In other words, a defendant who pleads guilty may only challenge the voluntary and intelligent nature of the guilty plea, such as by showing that the advice he received from counsel was not within the standards set forth in *McMann*. *See also United States v. Hernandez*, 242 F.3d 110, 114 (2d Cir. 2001) (noting that "the very product of the alleged ineffectiveness" cannot be fairly used to bar a claim of ineffective assistance of counsel, and that, therefore, a waiver of appellate rights entered into pursuant to a plea agreement does not bar review of "the constitutionality of the process by which the plea agreement was consummated") (internal quotation marks and citation omitted).

In light of these precedents, the following claims, raised either on direct appeal or in a collateral attack of the conviction, are not amenable to federal habeas review: (1) the prosecution

---

[2] "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity. A state prisoner must, of course, prove that some constitutional infirmity occurred in the proceedings. But the inquiry does not end at that point . . . . If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases, counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof. Thus, while claims of prior constitutional deprivation may play a part in evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief." *Tollett*, 411 U.S. at 266-67 (internal citations and quotation marks omitted).

failed to present exculpatory evidence at the grand jury proceeding; (2) petitioner's confession was coerced; and (3) petitioner was improperly excluded from a conference in the judge's chambers. The only claim that this Court may consider on habeas review is that Salerno's guilty plea was involuntary, a product of coercion on the part of his trial counsel. As discussed below, however, there is no basis for finding that Salerno was coerced into pleading guilty.

To pass constitutional muster, a defendant's guilty plea is required to be entered into knowingly and voluntarily, with an understanding of its consequences:

> It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. That is so because a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.

*Parke v. Riley*, 506 U.S. 20, 28-29 (1992) (quotations and citations omitted). Salerno contends that he pled guilty because his attorneys pressured him into doing so by threatening him and his family, warning that if his parents did not allow him to plead guilty, "he would go to jail for forty years and his parents would never see him out from behind bars." Petition at 6 (Docket #1). Salerno also alleges that his attorney told him to just answer "yes" to whatever the judge asked of him. *Id.*

There is no evidence in the record to support Salerno's claim that his attorneys coerced him into pleading guilty, and thereby made his plea unknowing and involuntary. The Court agrees that Salerno, who left high school in the 9th grade, does not appear to have a high level of comprehension. However, Salerno stated that he could read and write the English language well

enough to obtain his G.E.D. diploma. S.4.[3] The judge was mindful of these factors and conducted a thorough plea colloquy, making sure that she explained all of the effects of the plea, including the appellate rights waiver, in layman's terms. *See*, *e.g.*, S.10-11, S.15-16. The court ascertained that Salerno felt he had enough time to talk about the matter with his attorneys and that he was satisfied with their services. S.5-6. The court also confirmed that Salerno's family agreed with his decision to plead guilty. S.6. Furthermore, the court made sure that Salerno was aware of the rights he was giving up by entering a guilty plea, S.8-10, and understood the meaning of the charge to which he was pleading guilty, S.10. Salerno told the court, in his own words, about the situation that led to his being charged with sexual abuse. S.18-25. Salerno denied on the record that anyone had coerced him or his family into foregoing his right to trial. S.10-11. He agreed that his plea was voluntary and of his own free will. S.11, 17-18.

A trial court may fairly rely upon a defendant's sworn statements made in open court. *Hernandez*, 242 F.3d at 114 (finding that habeas petitioner's claim of ineffective assistance of counsel in regard to plea agreement and plea hearing failed on the merits where petitioner's allegations contradicted his plea allocution statements). Here, Salerno's present allegations of coercion are contradicted by his sworn statements to the contrary at the plea allocution. The trial judge made no effort to force Salerno to admit wrongdoing. She pointedly told Salerno that if he did not fully understand everything that was being discussed in court, she wanted him to let her know. S.4-5. She questioned him on several occasions about whether anyone had exerted pressure on him or his family in regard to his decision to plead guilty. Thus, there is no indication in the record that Salerno's plea was anything but knowing and voluntary. Accordingly, habeas

---

[3] Citations to "S.___" refer to the transcript of the sentencing hearing.

relief is not warranted.

## CONCLUSION

For the reasons stated above, George R. Salerno's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Salerno has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:     October 6, 2005
           Rochester, New York.